# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK SALES,<br><br>                    Plaintiff,<br><br>    v.<br><br>CERTAIN-TEED CORPORATION f/k/a CERTAIN-TEED PRODUCTS CORPORATION; HONEYWELL INTERNATIONAL INC., individually and/or f/k/a AlliedSignal, Inc. as successor-in-interest to the Bendix Corporation; UNION CARBIDE CORPORATION<br><br>                    Defendants. | 3:14 - CV - 01542 (CSH)<br><br><br>**NOVEMBER 13, 2014** |

## ORDER

**HAIGHT,** Senior District Judge:

## I.  INTRODUCTION

On September 25, 2014, Plaintiff Frank Sales commenced this action against Defendants Certain-Teed Corporation f/k/a/ Certain-Teed Products Corporation ("Certain Teed"), Honeywell International Inc., individually and/or f/k/a AlliedSignal, Inc. as successor-in-interest to the Bendix Corporation ("Honeywell"), and Union Carbide Corporation ("Union Carbide") in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport. Doc. [1] at ¶ 1. In his Complaint, Plaintiff seeks damages for injuries he sustained from inhalation of carcinogenic asbestos fibers allegedly placed in the stream of commerce by Defendants and/or their predecessors-in-interest.

On October 20, 2014, Union Carbide filed a Notice of Removal in this District, thereby removing the action to this Court on the basis of "diversity of citizenship" subject matter jurisdiction. Doc. [1] at ¶ 15. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states"). *See also* 28 U.S.C. § 1441(a).[1]

As set forth below, neither Plaintiff in his state court Complaint, nor Defendant in its federal Notice of Removal has pled sufficient facts to establish the citizenship of each party for diversity purposes.[2]  Moreover, no alternative "federal question" subject matter jurisdiction exists under 28 U.S.C. § 1331.  Plaintiff's Complaint sounds in common law or violations of Connecticut General Statutes § 52-572m, *et seq*., which concerns product liability actions.  There are no facts or circumstances alleged therein that potentially give rise to a federal claim arising under the United States Constitution or a federal statute.

## II.  DISCUSSION

Pursuant to Article III of the Constitution, a federal court has limited jurisdiction.  It may only exercise subject matter jurisdiction where either: (1) the plaintiff sets forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between plaintiff and all defendants and the amount

---

[1] 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[2] Union Carbide is advised that, in the present circumstances, it ultimately bears the burden of proving that removal is proper.  *See United Food & Commercial Workers Union v. CenterMark Prop. Meriden Square, Inc*., 30 F.3d 298, 301 (2d Cir.1994) ("[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper"); *see also* 14A Charles A. Wright & Arthur R. Miller § 3721, at 209–10 (1990) ("[d]efendant always has the burden of establishing that removal is proper").

in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at * 1 (February Term 1806). *See also Da Silva v. Kinsho Int'l Corp*., 229 F.3d 358, 363 (2d Cir.2000) (delineating two categories of subject matter jurisdiction).

A federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court must consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). The court must "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction." *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)). Unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

In general, if subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See, e.g., Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 700-01 ("If subject matter jurisdiction is lacking, the action must be dismissed."); *Manway Constr. Co. v.*

*Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("Where jurisdiction is lacking ... dismissal is mandatory.") (quoting *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Prop. Meriden Square, Inc*., 30 F.3d 298, 301 (2d Cir.1994)).

However, in the context of removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c). *See, e.g., Speranza v. Leonard,* 925 F.Supp.2d 266, 269 (D.Conn. 2013) ("once the Court determines that it does not have subject matter jurisdiction, a remand is mandatory under 28 U.S.C.A. § 1447(c)") (citation and internal quotation marks omitted); *Malanca v. Worth,* No. 3:11cv0056(SRU)(WIG), 2011 WL 941381, at * 2 (D.Conn. Feb.8, 2011) ("Lack of removal jurisdiction may be raised by the Court *sua sponte*" and upon determination that court lacks subject matter jurisdiction, "a remand is mandatory"); *Vasura v. Acands*, 84 F.Supp.2d 531, 540 (S.D.N.Y.2000) (remanding case to state court, concluding "because diversity jurisdiction was lacking at the time of removal, this case was improvidently removed").

In the case at bar, the only potential premise for subject matter jurisdiction presented is diversity of citizenship, 28 U.S.C. § 1332(a).  In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants.  *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.")  (citing *Owen Equip. &*

4

*Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) .

"In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). *See also  Wolde–Meskel v. Vocational Instruction Project Comm. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing' rule.").  However, where removal is based on diversity of citizenship, the parties must be diverse *both* at the time of r*emoval* and at the time the *state court complaint was filed*.  *See United Food & Commercial Workers Union, Local 919, AFL-CIO*, 30 F.3d at 301 (The "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal") (citing 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723, at 311-12 (1990)).[3]  *See also Albstein  v. Six Flags Entm't Corp.*, No. 10 Civ. 5840(RJH),  2010 WL 4371433, at *2 (S.D.N.Y. Nov. 4, 2010) ("Where removal is predicated on diversity, the parties must be diverse both at the time of removal and at the time the state court complaint was filed." ) (citing *Vasura*, 84 F.Supp.2d at 535).

A.      **Citizenship of Plaintiff**

In the Complaint at bar, Plaintiff does indicate the state in which he is a citizen.  Union Carbide notes in its Notice of Removal, however, that "[a]ccording to the Summons, Plaintiff resides

---

[3]"The  purpose  of  requiring diversity  to  exist at both times apparently is to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state court suit and then removing on the basis of the newly created diversity of citizenship."  14B Charles A. Wright & Arthur R. Miller,  *Federal Practice and Procedure* § 3723 (4th ed. Westlaw update April 2014).

at 241 Newgate Road, East Granby, CT 06026." Doc. [1] at ¶ 7; *see also* Doc. [1-1] (Summons).

With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.* 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). *See also John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens").

"In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" — i.e., "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). *See also Palazzo*, 232 F.3d at 42; 13B C. Wright A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). Although an individual may have several residences, he or she can have only one domicile.[4] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (for jurisdictional purposes, "'[d]omicile' is not necessarily synonymous with 'residence,'" and "one can reside in one place but be domiciled in another") (citations omitted).

In sum, Union Carbide has alleged Plaintiff's *residency* as reflected on the state court

---

[4]The United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). "[S]uch place of abode becomes his residence . . . ." *Id.* The test for residency is thus less stringent than the "more rigorous domicile test." *Id.* For example, "residency" may be taken up for personal or business reasons and may be permanent for only a period of time. *Id.*

summons, but has not established Plaintiff's *citizenship*.  Citizenship, which is synonymous with domicile, may not be inferred from residency.  *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925).  Moreover, because this case was removed, citizenship must be demonstrated as of the two relevant dates for diversity purposes: the commencement date of the state court action, September 25, 2014,  and the date of removal to federal court, October 20, 2014.

**B.**     **Citizenship of Certain-Teed and Honeywell**

     In his Complaint, Plaintiff does not establish the citizenship of Certain-Teed, Honeywell, or Union Carbide.  Nor does Union Carbide establish the citizenship of Certain-Teed or Honeywell in its Notice of Removal.  It offers only that "[u]pon information and belief, the other defendants" (Certain-Teed and Honeywell) "are foreign entities with principal places of business outside of Connecticut."  Doc. [1] at ¶ 14.

     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See also Wachovia Bank v. Schmidt,* 546 U.S. 303, 306 (2006)*.*  Union Carbide's statement that the other defendants" are "foreign entities" says nothing about where those defendants are incorporated. The Court is therefore unable to determine the citizenship of Certain-Teed and Honeywell.

**C.**     **Citizenship of Union Carbide**

      Union Carbide states the following in its Notice of Removal with respect to its own citizenship:

> Union Carbide Corporation was originally incorporated in the state of New York on November 1, 1917 as Union Carbide and Carbon Company.  In 1957, Union Carbide an Carbon Company changed its name to Union Carbide Corporation.  On February 6, 2001, Union Carbide Corporation became a subsidiary of The Dow Chemical

7

> Company.   Union Carbide's principal place of business is 1254
> Enclave Parkway, Houston, Texas 77077.

Doc. [1] at ¶ 9.

Although that representation indicates Union Carbide's current "principal place of business"

and its state of incorporation on November 1, 1917, it does not indicate its state of incorporation as

of the dates that matter— i.e., the date of removal and the date the state court complaint was filed.

*See United Food & Commercial Workers Union, Local 919, AFL-CIO*, 30 F.3d at 301 (discussed

*supra*).  It may be that Union Carbide's state of incorporation has not changed since 1917 (its

reference to a reorganization under Dow Chemical begs the question), but one is not be able to tell

from its papers.  If its state of incorporation was New York at the commencement of this action and

at the time of removal, then it should indicate as much pursuant to the Court's directions set forth in

the rescript of this Order.

## D.   <u>Jurisdictional Amount</u>

Finally, even if the citizenship of the parties can be demonstrated to be diverse, the amount

in controversy must exceed $75,000, "exclusive of interests and costs."  28 U.S.C. § 1332(a).  To

invoke the jurisdiction of a federal court, one "has the burden of proving that it appears to a

'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."  *Tongkook*

*Am*., *Inc*. *v*. *Shipton Sportswear Co*., 14 F.3d 781, 784 (2d Cir. 1994).  Union Carbide, "as the party

asserting jurisdiction" bears that burden.  *See United Food & Commercial Workers Union, Local*

*919, AFL-CIO*, 30 F.3d at 301.

The Court concludes that Union Carbide has carried its burden in that respect.  Although

Plaintiff's Complaint includes the boilerplate allegation, required in Connecticut state court actions,

that "[t]he amount in demand is greater than $15,000," it also asserts other facts from which to reasonably conclude that the claim is in excess of the jurisdictional amount. Doc. [1-1] at 9. As stated verbatim by Union Carbide in paragraph 13 of its Notice of Removal:

> a.  The Complaint alleges at paragraph 12 that Plaintiff is suffering from lung cancer that has metastasized to his brain, liver, and stomach.
>
> b.  The Complaint alleges at paragraph 13 that Plaintiff "has endured significant pain and mental anguish and will continue [to] suffer in the future. He has undergone extensive cancer treatment. His injuries and the necessary treatment are competent producing sources of pain.["]
>
> c.  The Complaint alleges at paragraphs 14, 15, 16, 17 and 18 that Plaintiff, suffers grief, fear and anguish over the effect of his illness and premature, impending death; that he was forced to stop attending to the duties of his employment, and it is likely that he will continue to suffer lost wages into the future and as well as a permanent impairment to his earning capacity; that he has been required and will be required to spend large sums of money for medical care and treatment; and that his injuries and damages are of a permanent nature, and Plaintiff has fear of suffering a premature death.

Doc. [1] at ¶ 13 (quoting or citing Doc. [1-1] (Complaint)).

The additional allegations quoted above, which find total support in Plaintiff's Complaint, suggest damages in excess of $75,000. The Complaint therefore satisfies the statutory jurisdictional amount requirement.

## II.  CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS each party to establish, by affidavit, citizenship for diversity purposes as of the date this action was commenced in state court, September 25, 2014, and the date of removal to federal

court, October 20, 2014.

Specifically, Plaintiff Franks Sales is ORDERED to submit an affidavit indicating his state of citizenship at the commencement of the action and on the removal date.  In particular, he must declare: (1) the state in which he was *domiciled* and principally established or his "true fixed home" and (2) the names, if any, of other states in which he had a residence.  If there are additional states in which residence was maintained, the affidavit must further provide: (a) the location of all such residences kept and (b) the approximate length of time spent at each residence.

Defendants Certain-Teed, Honeywell and Union Carbide are ORDERED to submit separate affidavits that state explicitly their: (1) state of incorporation and (2) principal place of business at the commencement of the action and on the removal date.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

All parties shall file and serve their affidavits regarding citizenship on or before **December 4, 2014**.  All case deadlines are stayed pending the Court's review of the affidavits.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court will remand the case to state court as improvidently removed, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Signed:  New Haven, Connecticut
             November 13, 2014

    */s/ Charles S. Haight, Jr.*
    CHARLES S. HAIGHT, JR.
    Senior United States District Judge